UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Gregory Cain<br><br>      Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC<br><br>      Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Gregory Cain, ("Gregory"), is a natural person who resided in Ft. Myers Beach, Florida, at all times relevant to this action.

2. Defendant, Asset Acceptance, LLC, ("AA"), is a Delaware Limited Liability Company that maintained its principal place of business in Warren, Michigan, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. AA uses a predictive dialer system.

6. Before AA began contacting Gregory, it and Gregory had no prior business relationship and Gregory had never provided express consent to AA to be contacted on his cellular telephone.

7. AA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of AA's revenue is debt collection.

9. AA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, AA contacted Gregory to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Gregory is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, AA willingly and knowingly used an automatic telephone dialing system to call Gregory on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around December 2013, AA began contacting Gregory on Gregory's cellular phone in connection with the collection of the debt.

15. During the initial communication, AA asked to speak with Gregory's father, Richard, ("Father").

16. During this communication, AA did not request Father's location information.

17. During this communication, AA did not identify itself as a debt collector attempting to collect a debt.

2

18. During this communication, AA advised Gregory it was important for Father to call AA back.

19. AA contacted Gregory for the sole purpose of collecting the debt, not for acquiring Father's location information.

20. During this communication, Gregory requested AA cease further calls to Gregory.

21. Despite this request, AA contacted Gregory on Gregory's cellular phone in connection with the collection of the debt on numerous occasions, most recently around May 2014.

22. Gregory repeatedly requested AA cease further calls to Gregory.

23. AA attempted to collect a debt from Gregory.

24. AA violated the FDCPA and the TCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

                          RESPECTFULLY SUBMITTED,

                Hyslip & Taylor, LLC LPA


                By:   /s/ Jeffrey S. Hyslip
                One of Plaintiff's Attorneys
                Jeffrey S. Hyslip, Esq.
                Hyslip & Taylor, LLC, LPA
                1100 W. Cermak Rd., Suite B410
                Chicago, IL  60608
                Telephone: 312-380-6110
                Fax: 312-361-3509
                jeffrey@lifetimedebtsolutions.com
                Ohio Bar No. 0079315

Date: October 7, 2014